WEST (SPARKS v.). See Case No. 13,213.

WEST (SPRAGUE v.). See Case No. 13,255.

---

## Case No. 17,426.

### WEST v. TALMAN.

[4 Wash. C. C. 200.] [1]

Circuit Court, D. New Jersey. April Term, 1822.

SUIT FOR LAND—SERVICE ON TENANT.

Judgment by default and habere facias possessionem executed, set aside: the service not being made on the tenant in possession, but on the landlord.

Motion to set aside the judgment by default entered in this case and the habere facias pos-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

sessionem returned executed; upon the ground of irregularity in the service of the ejectment. It appeared by the affidavit of the service, that the declaration was served upon Mr. White, the landlord, who acknowledged the service, and promised to have it acknowledged by the tenant in possession, the defendant, which was not done. It appeared by the affidavit of the plaintiff's attorney, that Mr. White, the landlord, had mortgaged the premises in question to one of the banks of this state, and that, after the institution of this suit, he conveyed the equity of redemption to one M. That White and M. were repeatedly informed that judgment would be entered by default unless an appearance was entered; and that frequent promises were made by White, that an appearance should be entered. That even after the judgment was entered, the plaintiff's attorney offered to open it, upon an appearance being entered, but that nothing was done indicating a disposition to have the cause tried.

Mr. Wall, for defendant.
Mr. Coxe, for plaintiff.

BY THE COURT. The court can notice no other party defendant in this cause but Talman, the tenant in possession; who was liable for the costs at least, although his term expired before the trial could take place. It was therefore essential to the regularity of the proceedings, that the declaration should have been served on the tenant in possession, although White, the landlord, might, upon motion, have been admitted a defendant. But the acknowledgment of the service by White, who was not a defendant in the action, was altogether irregular, and could not bind the tenant in possession.

Judgment, and the habere facias possessionem set aside.